*FILED*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

2011 APR 21  PM 3: 03

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

CHRISTOPHER & LISA HANCOCK,

    Plaintiffs,

       v.

H&P CAPITAL, INC.,

    Defendant.

_____/

CASE NO.

3:11-cv-387-J-20 mcr

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, CHRISTOPHER & LISA HANCOCK ("Plaintiffs"), by and through their attorneys, KROHN & MOSS, LTD., and for Plaintiffs' Complaint against Defendant, H&P CAPITAL, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.    Count 1 of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.    Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. 1391(b)(1) and (b)(2).

VERIFIED COMPLAINT

1

## PARTIES

5.      Plaintiffs are natural persons who reside in Lake Butler, Union County, Florida and are obligated or allegedly obligated to pay a debt and are "consumer(s)" as that term is defined by 15 U.S.C. 1692a(3).

6.      Plaintiffs are informed, believe, and thereon allege, that Defendant is a corporation located in Jacksonville, Florida.

7.      Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.      Plaintiffs are informed, believe, and thereon allege, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.      Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiffs.

10.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.      Beginning in January of 2011, Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt owed to Chase.

12.      Defendant called on a virtual daily basis from its phone number of 904-418-5000.

13.     Defendant told Plaintiff that it didn't matter if their kids had to eat as the debt needed to be paid first.

14.     Defendant threatened to press charges for fraud against Plaintiffs.

15.     Defendant called Plaintiffs on or about February 4 and Plaintiff Lisa Hancock answered and spoke to a representative of the Defendant who identified himself as Eric Ross and said he was calling on behalf of "HPC."

16.     Mr. Ross yelled at Plaintiff Lisa Hancock throughout the conversation and demanded to know where Plaintiff Christopher Hancock was and refused to identify himself or from where he was calling though Plaintiff identified herself as Christopher's spouse and had previously spoken with representatives of Defendant regarding the alleged debt.

17.     Lisa Hancock advised that Christopher was out of town and Mr. Ross asked "why did he flee the state" to which Lisa said he did not flee but was away on business. Christopher is a member of the National Guard and was on temporary deployment at that time.

18.     Mr. Ross demanded Christopher Hancock call him within thirty minutes or "we're going to take action" and hung up on Plaintiff.

19.     Lisa Hancock subsequently called the Defendant back based on the number on the caller identification since Defendant would not identify itself.

20.     Plaintiff Lisa Hancock was transferred to Eric Ross who refused to speak with her and hung up again.

21.     Plaintiff Lisa Hancock called again and asked to speak with a supervisor and was transferred to a female representative who advised that Defendant was attempting to collect a debt and that Christopher was trying to "ride the Statute of Limitations" to avoid liability for the debt.

22.     Plaintiff Lisa Hancock asked again that the Defendant send written verification of the debt as the Plaintiffs had questions about the validity of the debt.  In response, the supervisor claimed that written proof had been sent and that Plaintiff "needed to get with her mail carrier" and figure out why they are not getting the documentation and then hung up the phone.

23.     Plaintiff Lisa Hancock subsequently spoke with Defendant's representative Ann Jarvis on or about February 7, 2011 who advised Plaintiff that the Defendant was going to inform the original creditor that Plaintiff had purchased the merchandise "with the intent to steal and not pay for it" and then hung up the phone.

24.     Plaintiff called Ann Jarvis back and told Defendant that based on their rude conduct to not call back until the following week when her husband returned.  Ann Jarvis said that if Plaintiff were to call the Defendant back, the Defendant "would press charges for harassment" and hung up the phone.

25.     Plaintiffs have repeatedly requested written information or validation regarding the alleged debt after being requested to do so by Plaintiffs.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,**
**(FDCPA), 15 U.S.C. § 1692 et seq.**

17.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

a)   Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiffs;

b)   Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiffs;

c)   Defendant violated *§1692e* of the FDCPA by engaging in deceptive conduct in the collection of a debt;

VERIFIED COMPLAINT                                    4

d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take any action that could not legally be taken or that was not intended to be take by threatening to press charges for fraud against Plaintiffs; and

e) Defendant violated *§1692e(10)* of the FDCPA by engaging in false representation or deceptive means to collect or attempt to collect the alleged debt.

**WHEREFORE,** Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

18.     Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

19.     Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20.     Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____

James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x 230
Fax:    (866) 385-1408
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, CHRISTOPHER & LISA HANCOCK hereby demands trial by jury in this action.

VERIFIED COMPLAINT                                                                5

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, CHRISTOPHER HANCOCK, says as follows:

1.   I am a Plaintiff in this civil proceeding.

2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.   I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.   I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.   I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, CHRISTOPHER HANCOCK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4/4/11

CHRISTOPHER HANCOCK,
Plaintiff

VERIFIED COMPLAINT                                        6

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, LISA HANCOCK, says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, LISA HANCOCK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4/9/11

LISA HANCOCK,
Plaintiff

VERIFIED COMPLAINT

7